IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARL CHESTER, JR., ) | Civil Action No. 7:11-cv-00321 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| UNKNOWN EMPLOYEES OF ) | | |
| FEDERAL BUREAU OF ) | | |
| PRISONS, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Carl Chester, Jr., a federal inmate proceeding <u>pro se</u>, filed an incomplete civil rights form complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331 and 1343.[1] Plaintiff names as defendants Unknown Employees of the Federal Bureau of Prisons, the Federal Bureau of Prisons ("BOP"), and John Doe. This matter is before the court for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A because plaintiff filed financial documents in support of a request to proceed <u>in forma pauperis</u> and names a governmental entity as a defendant. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff does not describe any facts in his unsigned complaint. Instead, plaintiff includes a letter from the BOP that denied his Federal Tort Claim. The letter reflects plaintiff's complaint that inmates assaulted him in the recreation yard of an unspecified prison.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

---

[1]Although submitted on a form § 1983 complaint, the court construes the action as arising under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971, because plaintiff names federal actors as defendants instead of state actors.

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. A group of individuals, whether as an agency, a department, or a staff of nurses, officers, or officials, is not a "person" under Bivens to obtain relief. See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726, 2008 WL 2564779 (E.D. Va. June 25, 2008); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759 (S.D.N.Y. June 20, 1991). See also Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions and vice versa). Similarly, the BOP is not a "person" under Bivens. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency). Therefore, plaintiff cannot proceed against a group of employees or the BOP in this Bivens action. As for the remaining defendant, John Doe, plaintiff does not allege that John Doe is a federal agent who acted under color of authority to violate plaintiff's constitutional rights. Accordingly, plaintiff fails to state any claim upon which relief may be granted, and the court dismisses his complaint without prejudice. Plaintiff may refile his claims in a new and separate action at the time of his choice.

The Clerk is directed to send a copy of this order and the accompanying memorandum opinion to plaintiff.

    Entered: July 18, 2011

    */s/ Michael F. Urbanski*

    Michael F. Urbanski
    United States District Judge